IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DEBBIE WILLIAMS )
)
v. ) NO. 3:06-1213
)
WESTERN UNION COMPANY )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered December 20, 2006 (Docket Entry No. 2), the Court referred the above captioned action to the Magistrate Judge for frivolity review under 28 U.S.C. § 1915(e)(2)(B) and for further proceedings under 28 U.S.C. §§ 636(b)(A) and (B) and Rule 72(b) of the Federal Rules of Civil Procedure.

The plaintiff is a resident of Nashville, Tennessee. She filed this action pro se and in forma pauperis on December 20, 2006, seeking monetary relief from the Western Union Company ("Western Union"). The plaintiff alleges that, on December 16, 2003, she went to a grocery store to obtain money which a friend in Albany, Georgia, had transmitted to her through Western Union but the clerk at the store could not give her the money because Western Union would not authorize her to receive money. She complains that she has encountered this same problem with Western Union on prior occasions and believes that Western Union has entered a "blackout" against her which prevents her from receiving money that people attempt to send to her through Western Union. She alleges that her written complaint to Western Union about the matter was essentially ignored.

Based upon these events, the plaintiff asserts: 1) a claim under 42 U.S.C. § 1983 for deprivation of "the privilege of receiving money transmitted;" 2) a claim under 42 U.S.C. § 1985(3) for conspiracy to interfere with her civil rights; 3) a claim under 42 U.S.C. § 1981 for denial of "equal rights as other recipients of contractual relationship entered into with senders of Western

Union money transfers;" and 4) a claim under 42 U.S.C. § 2001(b)(4)(A)(B) for discrimination by a company that serves patrons located within the premises of a public establishment. See Complaint (Docket Entry No. 1) at 1.

Pro se complaints are to be construed liberally by the Court. See Boag v. McDougall, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982). However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint brought by a plaintiff proceeding in forma pauperis "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. Id. at 327-28; Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000); Lawler v. Marshall, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

Although pro se complaints are held to less stringent standards than complaints prepared by an attorney, basic pleading rules still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. Id. A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. See Scheid v. Fanny Farmer Candy, 859 F.2d 434, 437 (6th Cir. 1988). The less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. Wells, 891 F.2d at 594 (6th Cir. 1989).

After review of the plaintiff's complaint in light of these principles and in accordance with 28 U.S.C. § 1915(e)(2)(B), the Court recommends that this action be dismissed for failure to state an arguable claim upon which relief can be granted. The complaint fails to include any factual allegations which support the claims asserted by the plaintiff.

2

Case 3:06-cv-01213   Document 4   Filed 02/13/07   Page 2 of 4 PageID #: 14

With respect to the claim brought under 42 U.S.C. § 1983, there are no allegations in the complaint showing that Western Union acted under color of state law. Such a showing is required for a Section 1983 claim. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); Flagg Bros, Inc. v. Brooks, 436 U.S. 149, 155 (1978). Furthermore, the alleged wrongdoing occurred in December 2003, which is well beyond the one year statute of limitations applicable to claims brought under Section 1983. See Berndt v. State of Tennessee, 796 F.2d 879, 883 (6th Cir. 1986).

The plaintiff's allegation that a conspiracy existed to deny her civil rights is entirely conclusory, and she has alleged absolutely no facts supporting her claim. Such an allegation will not support a claim under 42 U.S.C. § 1985(3). See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986); Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985).

To establish a prima facie case under 42 U.S.C. § 1981 in the commercial establishment context, a plaintiff must show that (1) she is a member of a protected class; (2) she sought to make or enforce a contract for services ordinarily provided by the defendant; and (3) she was denied the right to "enter into or enjoy the benefits of privileges of the contractual relationship in that (a) [she] was deprived of services while similarly situated persons outside the protected class were not and/or (b) [she] received services in a markedly hostile manner and in a manner in which a reasonable person would find objectively discriminatory." Christian v. Wal-Mart Stores, Inc., 252 F.3d 862, 872 (6th Cir. 2001). Because the plaintiff has not even asserted that she is a member of a protected class, she has failed to state a claim under Section 1981.

Although the plaintiff refers to 42 U.S.C. § 2001(b)(4)(A)(B) as the basis for her fourth claim, there is no such statute.

## R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that this action be DISMISSED pursuant to 28 U.S.C. § 1915(e) for lack of an arguable legal basis.

3

As the plaintiff's claims warrant dismissal under 28 U.S.C. § 1915(e)(2), the Court RECOMMENDS that any appeal taken of this Report and Recommendation, if adopted by the Court, would not be in good faith under 28 U.S.C. § 1915(a)(3).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                      Respectfully submitted,

                                      JULIET GRIFFIN
                                      United States Magistrate Judge