IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBBIE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | Civil No. 3:06-1213 |
| ) | Judge Trauger |
| v. ) | Magistrate Judge Griffin |
| ) | |
| WESTERN UNION COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM and ORDER

On February 13, 2007, the Magistrate Judge issued a Report and Recommendation, recommending that this case be dismissed pursuant to 28 U.S.C. § 1915(e) for lack of an arguable legal basis. (Docket No. 4) The plaintiff has filed objections (Docket No. 7) and an amended Complaint. (Docket No. 7, attach.) Because the Magistrate Judge's recommendation relates to a dispositive matter, this court must make a *de novo* determination as to those portions of the Report and Recommendation to which specific objection has been made. 28 U.S.C. § 636(b)(1)(C); Rule 72(b), FED.R.CIV.P.; *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

As to the plaintiff's claim brought under 42 U.S.C. § 1983, the Magistrate Judge ruled that there were no allegations that the defendant, Western Union Company, was acting under color of state law and, in addition, this claim was lodged well after the one-year statute of limitations for such actions and therefore was appropriately dismissed. The plaintiff does not object to or address either of these rulings by the Magistrate Judge. Moreover, her amended Complaint appears to omit a cause of action under § 1983. Therefore, that ruling by the

1

Magistrate Judge will not be disturbed.

The Magistrate Judge also found that the plaintiff's allegation of a civil rights conspiracy under 42 U.S.C. § 1985(3) was not supported by any facts. In her objections, the plaintiff withdraws her claim under § 1985(3) (Docket No. 7 at 10), so that ruling by the Magistrate Judge, as well, will not be disturbed.

The Magistrate Judge found that the plaintiff's claim under 42 U.S.C. § 2001(b)(4)(A)(B) had no basis, as there is no such statute. In her objections, the plaintiff states that 42 U.S.C. § 2000(b) was the basis for this claim, but she withdraws this claim as well (Docket No. 7 at 11). Therefore, the Magistrate Judge's ruling on this claim will not be disturbed.

As to the claim under 42 U.S.C. § 1981, the Magistrate Judge correctly set forth the elements of this claim and stated that the plaintiff did not bring herself within the parameters of § 1981 because she "has not even asserted that she is a member of a protected class." (Docket No. 4 at 3) In her objections, the plaintiff makes clear that she is an African-American (Docket No. 7 at 2), which allegation cures this defect. However, the statute of limitations for a § 1981 claim of this sort (as opposed to an employment action), is one year from the alleged discriminatory act. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004); *Anthony v. B.T.R. Automotive Sealing Systems, Inc.*, 339 F.3d 506, 514 (6th Cir. 2003). The acts complained of took place on December 16, 2003, but the plaintiff did not file this action until December 20, 2006. Therefore, she brings this action well beyond the one-year statute of limitations, and this claim must also be dismissed.

For the reasons expressed in the Report and Recommendation, which is accepted and

2

made the findings of fact and conclusions of law of this court, and for the reasons expressed herein, it is hereby **ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e) for lack of an arguable legal basis.

 It is so **ORDERED**.

 ENTER this 25th day of June 2007.

              _____
               ALETA A. TRAUGER
               U.S. District Judge